**BROWN & CONNERY, LLP**
William F. Cook, Esq.
Andrew S. Brown, Esq.
360 Haddon Avenue
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Defendant City of Vineland*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Matthew Finley,<br><br>     Plaintiff,<br><br>     v.<br><br>City of Vineland,<br><br>     Defendant. | Case No.:<br><br><br>**NOTICE OF REMOVAL** |

**TO:   CLERK OF THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW JERSEY**

     **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant City of Vineland removes this action from the Superior Court of New Jersey, Cumberland County to the United States District Court for the District of New Jersey, based upon the following:

**Factual Background and Procedural History**

     1.     On March 10, 2021, Plaintiff filed his original Complaint in the United States District Court for the District of New Jersey, under Case No. 1:21-cv-047726.  (ECF No. 1)  The matter was assigned to the Honorable Renée Marie Bumb, U.S.D.J.

     2.     In his original Complaint, Plaintiff asserted a First Amendment retaliation claim against Defendant under 42 U.S.C. § 1983.  He also asserted state law claims against Defendant.

3.      On April 9, 2021, Defendant filed a letter seeking permission to file a motion to dismiss Plaintiff's First Amendment claim, pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 7) Defendant argued that Plaintiff failed to alleged any instances of constitutionally protected speech. Defendant's letter was filed in accordance with Judge Bumb's Rules and Procedures.

4.      On April 19, 2021, Judge Bumb entered the following Text Order:

> This matter comes before the Court upon the pre-motion conference letter filed by Defendant on 4/9/2021. [Dkt. No. 7]. Having read Plaintiff's letter filed on 4/16/2021, [Dkt. No. 11], the Court hereby directs Plaintiff to respond to the merits of Defendant's proposed Motion as required by Rule I.A of this Court's Individual Rules and Procedures. If no response is filed, the Court will likely grant Defendant the relief the motion seeks. So Ordered by Judge Renee Marie Bumb on 04/19/2021. (Costigan, Roberta) (Entered: 04/19/2021)

(ECF No. 12)

5.      On May 24, 2021, Plaintiff filed a letter responding to the merits of Defendant's proposed motion.  (ECF No. 17)

6.      Judge Bumb subsequently scheduled "a pre-motion conference via Zoom on Tuesday, June 1, 2021, at 11:00 a.m." (ECF No. 18)

7.      After the conference on June 1, 2021, Judge Bumb "[o]rdered the parties to meet, confer and advise the Court as to Remand by Friday, June 4, 2021." (ECF No. 19)

8.      On June 4, 2021, Plaintiff filed a letter with the Court, stating:  "I spoke with my client after the hearing and have conferred with counsel for the Defendant.  We have agreed to stipulate to a dismissal of the first amendment claims asserted in this case, and that the case be remanded to state court." (ECF No. 20)

9.      On June 7, 2021, Judge Bumb directed Plaintiff "to file a voluntary dismissal of Count 1 of the Complaint" pursuant to Fed. R. Civ. P. 41(a)(1)(A).  (ECF No. 22)

10.    On June 11, 2021, the parties filed a stipulation: (1) dismissing Plaintiff's First Amendment retaliation claim against Defendant with prejudice, and (2) remanding Plaintiff's state law claims to state court.  (ECF No. 23)

11.    On June 14, 2021, Judge Bumb signed the stipulation and the matter was terminated.  (ECF No. 24)

### Plaintiff's State Court Complaint

12.    On December 16, 2021, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Cumberland County, under Docket No. CUM-L-000834-21. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit A.

13.    Plaintiff served a copy of the Summons and Complaint on Defendant by "First Class and Electronic Mail" on May 2, 2022.  Attached hereto as Exhibit B is David M. Koller's May 2, 2022 letter to Richard P. Tonetta, the City's Solicitor.

14.    Defendant's Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because Defendant removed this action within thirty (30) days of being served with Plaintiff's Summons and Complaint.  Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

15.    Venue is proper, under 28 U.S.C. § 1441(a), because the Cumberland County Superior Court is located within the District of New Jersey.

16.    The Court possesses original jurisdiction pursuant to 28 U.S.C. § 1331.

17.    Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

18.    The Court possesses supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

19.     In his current Complaint, Plaintiff asserts claims against Defendant for violation of the New Jersey Conscientious Employee Protection Act (Count I), wrongful discharge (Count II), and breach of implied contractual duty (Count III).  (Exhibit A, Complaint, pgs. 13-15)

20.     Nevertheless, Plaintiff's Complaint continues to assert a violation of his rights under the United States Constitution on its face.

21.     Specifically, Plaintiff alleges that Defendant's "wrongful and retaliatory acts deprived Plaintiff of rights secured under the First and Fourteenth Amendments of the United States Constitution and laws of the United States and the State of New Jersey."  (Id. at ¶ 1)

22.     Additionally, Plaintiff alleges that this Court has original jurisdiction over this action, and that the "action properly lies in the District of New Jersey."  (Id. at ¶¶ 2-4, 5)

23.     In his Prayer for Relief section, Plaintiff requests that the Court enjoin "future violations of CEPA and Section 1983 by Defendant."  (Id. at pg. 15, ¶ a)

24.     Plaintiff further asks this Court to order Defendant "to pay Plaintiff any and all other remedies available pursuant to CEPA and Section 1983."  (Id. at pg. 15, ¶ h)

25.     On May 4, 2022, this office emailed Plaintiff's counsel, reminding counsel that "Plaintiff voluntarily dismissed his federal constitutional claims with prejudice" and advising that "Plaintiff's new Complaint continues to assert federal constitutional claims on its face."  Attached hereto as Exhibit C is Andrew S. Brown's May 4, 2022 email to David M. Koller.

26.     The email further advised: "If Plaintiff does not file an Amended Complaint removing all federal questions on or before May 13, 2022, Defendant shall remove this action to federal court and seek sanctions."

27.     Plaintiff has not filed, or sought leave to file, an amended complaint in state court.

28.     Based on the foregoing, the state court action is properly removed.

29.     Defendant reserves the right to amend or supplement this Notice of Removal.

30.     Defendant appears solely for the purpose of removal and for no other purpose, and hereby reserves all rights and defenses.

31.     Pursuant to 28 U.S.C. § 1446(d), Defendant has provided Plaintiff with notice of the filing of this Notice of Removal, and has filed a copy of the Notice of Removal with the Superior Court of New Jersey, Cumberland County.

**WHEREFORE**, Defendant prays that this matter be removed to the United States District Court for the District of New Jersey, and that the Court accepts jurisdiction and places this action on the docket for further proceedings.

Dated: June 1, 2022                                    **BROWN & CONNERY, LLP**
                                                        *Attorneys for Defendant*


                                                        s/  William F. Cook
                                                        William F. Cook, Esq.

5

## <u>CERTIFICATE OF SERVICE</u>

I, William F. Cook, Esq., certify that a true and accurate copy of Defendant's Notice of Removal was filed electronically and is available for viewing and downloading from the CM/ECF system as of June 1, 2022.  I further certify that, on June 1, 2022, I caused a true and accurate copy of Defendant's Notice of Removal to be served via UPS overnight upon the following:

Clerk, Law Division
Superior Court of New Jersey
Cumberland County
60 West Broad Street
Bridgeton, New Jersey 08302

David M. Koller, Esq.
Koller Law, LLC
2043 Locust St. #1B
Philadelphia, PA 19103

# EXHIBIT A

**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE SUPERIOR COURT OF NEW JESERY
## CUMBERLAND COUNTY

| | |
|---|---|
| Matthew Finley | Civil Action No. _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| City of Vineland | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Matthew Finley ("Plaintiff"), by and through his undersigned counsel, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1.     This civil action stems from the wrongful and retaliatory termination of Plaintiff's employment on account of his participation in an

investigation conducted by the City of Vineland into purported wrongdoing by the City of Vineland's Chief of Police Rudolph Beu ("Beu") and Vineland Police Captain, Adam Austino ("Austino"), and Plaintiff's refusal to make untruthful anddamaging remarks against Beu and Austino. These wrongful and retaliatory acts deprived Plaintiff of rights secured under the First and Fourteenth Amendments of the United States Constitution and laws of the United States and the State of New Jersey. Plaintiff also maintains a claim for violation of the New Jersey Conscientious Employee Protection Act.

## **JURISDICTIONAL STATEMENT**

2.      This Court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

3.      The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

4.      This Court has supplemental jurisdiction over any New Jersey state law claim pursuant to 28 U.S.C. § 1367.

## VENUE

5.      This action properly lies in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c), because Plaintiff and Defendant are citizens and/or reside in New Jersey and a substantial part of the events or omissions giving rise to the claims occurred in New Jersey.

## PARTIES

6.      Plaintiff is a citizen and resident of Ocean City, New Jersey and the United States of America.

7.      Defendant City of Vineland (the "City" or "Defendant") is a local government entity/municipality and is an agent of the State of New Jersey with offices located in Vineland, New Jersey.

8.      At all times material to this Complaint, Defendant, through relevant Vineland officials, acted under color of law and under the color of the statutes, customs, ordinances and usage of the State of New Jersey and City of Vineland as more fully described herein infra.

9.      Plaintiff maintains claims under 42 U.S.C. § 1983 and the Conscientious Employee Protection Act.

## STATEMENT OF FACTS

10.      Plaintiff was a member of the Vineland, New Jersey police force for 25 years, and retired as a Captain on or about September 1, 2018.

11.     Plaintiff has a bachelor's Degree in Human Resource/Business Administration from LaSalle University, a master's degree in Public Personnel Administration from Seton Hall University, and is a Rutgers University Certified Public Manager Course graduate.

12.     As a Captain in the City of Vineland Police Department, Plaintiff was responsibility for all functions of law enforcement conducted on a municipal level, including, but not limited to, patrol, street crime units, communitypolicing units, detective squads, juvenile unit, identification section, narcotics unit,internal affairs unit, records section, and in-house civil computer operations.

13.     Some of Plaintiff's accomplishments in his role as a Captain include:

- Developing, managing, and executing comprehensive best-in-class training programs that provide assurance of high-quality services rendered by officers under charge.

- Directly coaching, training, mentoring and developing a team of 29 direct reports, including law enforcement and civilian personnel.

- Fostering and maintaining professional relations with federal, state, and county agencies, allowing for increased efficiency in joint initiatives and allocation of additional funding by outside entities.

- Providing administrative leadership, oversight, and accountability to a teamof law enforcement officers and civilian administrative personnel, ensuringthat the officers delivered consistent professional, efficient, and effective patrol services.

4

- Assisting in the development and effective management of a $14 million operating budget, including identifying and implementing best practices that avoided budget overruns.

- Supervising and staffing a primary 9-1-1 center that handles over 80,000 calls for service each year and ensuring effective communications between the Department, EMS, Fire and residents of the City.

- Directly coaching, training, mentoring and developing two separate platoons of 70 sworn officers and 14 civilian personnel.

- Optimizing workforce planning and staffing patterns, and reducing overall overtime resulting in over a 50% saving in overall total costs.

14.     At all times during the course of Plaintiff's employment as a Captain, his performance was always deemed to exceed expectations and he was seen as a subject matter expert on many facets of Police Department Operations. By way of example, he was the point of contact for all Municipal, County, State and Federal Agencies wishing to speak with someone at the Police Department. He was also the Public Information /Media Liaison Officer for the Police Department for several years.

15.     After his retirement as a Captain, Plaintiff was hired by the City on or about March 26, 2019 as Chief of Personnel and Labor Relations, a position covered by the New Jersey Civil Service Commission.

16.     Plaintiff began serving as the Chief of Personnel and Labor Relations for the City on or about April 8, 2019.

17.     In or around August 2019, Plaintiff was notified by the New Jersey Civil Service Commission that he did not qualify for the title of Chief of Personnel and Labor Relations because he did not have three years of personnel experience.

18.     On the recommendation of the City Business Administrator, Robert Dickenson ("Dickenson"), Plaintiff filed an appeal of that determination.

19.     In or around November 2019, Plaintiff's appeal was denied by the New Jersey Civil Service Commission.

20.     Upon learning that the appeal had been denied, Plaintiff advised the City Business Administrator, Dickenson, as well as City Solicitor, Richard Tonetta ("Tonetta").

21.     In response, Dickenson advised Plaintiff that his position was not in jeopardy, that the City would afford him another title, create a director position for him, or name him as a confidential employee so that he could remain employed by the City.

22.     Dickenson even emailed Plaintiff some Civil Service Titles which only required 1 year of Human Resource experience, and advised Finley that once 3 years had passed, the City would revert/reassign him the "Chief" title as per Civil Service.

23.     Plaintiff thereafter continued to perform his duties as Chief of Personnel and Labor Relations in an exemplary manner.

24.     Dickenson and the City's Mayor even described Plaintiff as its "best hire" to local business leaders.

25.     At all times relevant herein, Plaintiff ably performed the duties and responsibilities of his position.

26.     Among other things, Plaintiff conducted an audit of employees who had left City employment to determine whether money was owed to the City for items such as overdrawn Personal Paid Leave time, failed healthcare contribution payments and other items, and recovered over $40,000 on behalf of the City in connection with these efforts.

27.     Plaintiff also initiated a healthcare review, in collaboration with a City finance insurance broker, which resulted in the City obtaining healthcare savings of close to $100,000 (annually) arising from retirees collecting healthcare benefits for themselves and/or family members to which they were not entitled as per City policy and applicable collective bargaining agreements.

28.     Plaintiff further designed and implemented an entire safety plan for Vineland's City Hall, for both employees and civilians visiting City Hall, including working security cameras, metal detectors, key card activated elevators, and secured access to each department.

29.     Plaintiff also conducted multiple investigations into theft of time, falsified reimbursement documentation, workplace harassment, and theft of City property.

30.     On or about July 2019, a Human Resources investigation was commenced against Beu and Austino.

31.     The investigation was (and continues to be) conducted primarily by Todd Gelfand, a private lawyer hired by the City (the "Gelfand Investigation"), and overseen by the City Solicitor, Tonetta.

32.     The timing of the Gelfand investigation coincided with a recorded interview of Plaintiff that was conducted by the Cumberland County Prosecutor's Office relating to Beu and Austino. In that interview, Plaintiff gave truthful answers to each question posed, and did not make any statements that reflected poorly on Beu or Austino as no such statements were warranted.

33.     In or around November 2019, Plaintiff was interviewed by attorney Gelfand in connection with his investigation. While Gelfand asked numerous questions about the conduct of Beu and Austino, Plaintiff again gave truthful answers concerning the conduct of Beu and Austino and again did not make any disparaging statements against them as none were warranted.

34.     Nevertheless, Plaintiff was pressured by Tonetta and Dickenson to make false statements about Beu and Austino.

35.     At no time between November 2019 and March 2020, was Plaintiff advised that his job was in jeopardy because he was not qualified under the civil service rules for his title of Chief of Personnel and Labor Relations.

36.     At no time between April 2019 and March 2020 was Plaintiff ever advised that his work performance was anything less than exemplary and an asset to the City Administration.

37.     On information and belief, on or about March 10, 2020, Beu filed suit against the City and others, seeking equitable relief and money damages against them for committing numerous acts of retaliation against him because he reported unlawful and/or unethical acts. This was in conjunction with the City filing disciplinary charges against Beu for unfounded accusations and immediately suspending him.

38.     On March 11, 2020, despite Plaintiff's exemplary performance, but because Plaintiff did not provide the City with the support it was seeking in its investigations against Beu and Austino, Dickenson, on behalf of the City, notified Plaintiff by email that his employment was being summarily terminated.

39.     The letter terminating Plaintiff's employment indicated that Dickenson had requested a title change for Plaintiff, that City Council allegedly rejected the request, and that Plaintiff's position was terminated due to the Civil

Service notification of Plaintiff not qualifying for the job title of Chief of Personnel, a concern raised some four months earlier and at that time dismissed.

40.     Upon information and belief, there is no record of Dickenson presenting the matter of Plaintiff's title to City Council, nor a vote on the same.

41.     Upon information and belief, the City Council did not discuss or order Plaintiff's termination.

42.     In or around March 2020, at a Hunting Club Dinner, Dickenson joined other retired law enforcement officers and civilians in a conversation about Beu's lawsuit filed earlier that week, and Dickenson confirmed that "we [i.e. the City] fired Finley for his involvement and association with Beu".

43.     Upon information and belief, other City employees who are not qualified for civil service titles or failed the civil service exam remain employed, despite their alleged lack of qualifications.

44.     Some such employees are relatives or political allies of current or former City Council members or Directors.

45.     In some instances, other civil service eligible candidates for the positions were given misinformation by the City that the position was not being filled, when, in fact, the non-eligible employees were given or permitted to remain in the position.

46.     Upon information and belief, other individuals have been hired as City employees without following civil service guidelines or rules concerning service lists.

47.     In giving his answers to questions posed during the Gelfand investigation and by the Cumberland County Prosecutor's office, Plaintiff made truthful statements concerning Beu and Austino.

48.     Plaintiff reasonably believed that the City, in seeking damaging testimony against Beu and/or Austino, sought to have Plaintiff give false or untruthful statements in violation of law and/or public policy.

49.     Indeed, during Beu's disciplinary hearing the City attempted to paint Plaintiff as a liar, asking multiple witnesses if Plaintiff was known to be a liar.

50.     As a result of Plaintiff's truthful statements and his refusal to give damaging or false statements against Beu and Austino, Plaintiff was fired.

# COUNT I – N.J. C.E.P.A.

51.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though same were fully set forth at length herein.

52.     By responding to the questions in the Gelfand investigation Plaintiff gave truthful statements in a public investigation or inquiry into possible violations of law, or rules or regulations promulgated pursuant to law by the City.

53.     By responding to the questions in the Gelfand investigation Plaintiff gave truthful statements and refused to engage in conduct which would violate the law, or rules or regulations promulgated pursuant to law, or that was fraudulent, and/or was in violation of standards of law enforcement and thus incompatible with a clear mandate of public policy concerning the public health, safety or welfare.

54.     Defendant retaliated against Plaintiff for making truthful statements and refusing to engage in wrongful conduct that he reasonably believed constituted a violation of law, rule or regulation promulgated pursuant to law, were fraudulent, and/or were in violation of standards of professional honesty and thus incompatible with a clear mandate of public policy concerning the public health, safety or welfare.

55.     The termination of Plaintiff was wrongful and violated the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et seq.*, as a result of which, Plaintiff has sustained economic and non-economic damages.

56.     The smearing of Plaintiff's reputation as a public servant has violated the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1*et seq.*, as a result of which, Plaintiff has sustained economic and noneconomic damages.

57.     The conduct of Defendant warrants an award of punitive damages as the willful participation of Defendant in the malicious termination of Plaintiff justifies the imposition of punitive damages for the Defendant's reckless indifference to the rights of Plaintiff.

## COUNT II – WRONGFUL DISCHARGE

58.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though same were fully set forth at length herein.

59.     Under New Jersey common law, an employer has a duty not to discharge an employee who refused to perform an act that is a violation of a clear mandate of public policy.

60.     Defendant violated that duty when it terminated Plaintiff's employment.

14

61.     The conduct of Defendant warrants an award of punitive damages as the willful participation of Defendant in the malicious termination of Plaintiff justifies the imposition of punitive damages for the Defendant's reckless indifference to the rights of Plaintiff.

## COUNT III – BREACH OF IMPLIED CONTRACTUAL DUTY

62.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though same were fully set forth at length herein.

63.     Under New Jersey common law, an employer has an implied contractual duty that it will not discharge an employee for refusing to perform an act that violates a clear mandate of public policy.

64.     Defendant's termination of Plaintiff's employment breached Defendant's implied contractual duty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Matthew Finley respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

a.     Enjoining future violations of CEPA and Section 1983 by Defendant;

b.     Ordering appropriate equitable relief, including, but not limited, to restoring Plaintiff to the position of Chief of Personnel and Labor Relations retroactive to March 11, 2020;

c.      Ordering Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful conduct in violation of CEPA;

d.      Ordering Defendant to pay Plaintiff for all compensatory damages suffered;

e.      Ordering Defendant to pay Plaintiff liquidated damages;

f.      Ordering Defendant to pay Plaintiff punitive damages;

g.      Ordering Defendant to pay Plaintiff's attorneys' fees and costs;

h.      Ordering Defendant to pay Plaintiff any and all other remedies available pursuant to CEPA and Section 1983; and

i.      Such other and further relief as is deemed just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable.


## CERTIFICATION


I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: December 16, 2021            **By:**   ***/s/ David M. Koller***
David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*

17

# Civil Case Information Statement

## Case Details: CUMBERLAND | Civil Part Docket# L-000834-21

**Case Caption:** FINLEY MATTHEW  VS CITY OF VINELAND

**Case Initiation Date:** 12/16/2021

**Attorney Name:** DAVID M KOLLER

**Firm Name:** KOLLER LAW LLC

**Address:** 2043 LOCUST ST STE 1B

PHILADELPHIA PA 19103

**Phone:** 2155458917

**Name of Party:** PLAINTIFF : Finley, Matthew

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Matthew Finley?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>12/16/2021</u>
Dated

<u>/s/ DAVID M KOLLER</u>
Signed

# EXHIBIT B

<u>**KOLLER LAW LLC**</u>

**DAVID M. KOLLER**                                                         **JORDAN D. SANTO**

*LICENSED IN PENNSYLVANIA AND NEW JERSEY*

May 2, 2022

<u>**Via First Class and Electronic Mail**</u>
Richard P. Tonetta, Esquire
Solicitor
City of Vineland
640 East Wood Street
P.O. Box 1508
Vineland, NJ 08362-1508
rtonetta@vinelandcity.org

　　　　Re:　**Matthew Finley v. City of Vineland**
　　　　　　<u>**Cumberland County Superior Court CUM-L-000834 21**</u>

Dear Mr. Tonetta:

　　　　Enclosed are the Summons and Complaint in the above captioned matter.

　　　　I am available to discuss this matter, 215-545-8917.

　　　　Thank you.

　　　　　　　　　　　　Very Truly Yours,
　　　　　　　　　　　　**KOLLER LAW, LLC**


　　　　　　　　　　　　*/s/ David M. Koller*
　　　　　　　　　　　　David M. Koller, Esquire



Enclosures

# EXHIBIT C

**Andrew S. Brown**

| | |
|---|---|
| **From:** | Andrew S. Brown |
| **Sent:** | Wednesday, May 4, 2022 10:15 AM |
| **To:** | davidk@kollerlawfirm.com |
| **Cc:** | William Cook |
| **Subject:** | Finley v. City of Vineland |
| **Attachments:** | STIP DISMISSAL WITH PREJUDICE - FILED.PDF |

David:

We are in receipt of Plaintiff Matthew Finley's Complaint filed in the Superior Court of New Jersey, under docket no. CUM-L-834-21.

As you will recall, Plaintiff voluntarily dismissed his federal constitutional claims with prejudice.

Plaintiff's new Complaint continues to assert federal constitutional claims on its face.

**If Plaintiff does not file an Amended Complaint removing all federal questions on or before May 13, 2022, Defendant shall remove this action to federal court and seek sanctions.**

Thank you,

Andrew



**Andrew S. Brown, Esq.**
Associate
***BROWN & CONNERY, LLP***
360 Haddon Avenue, Westmont, NJ 08108
Office:  (856) 854-8900    Fax:  (856) 858-4967
Direct:  (856) 812-2202
abrown@brownconnery.com
www.brownconnery.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MATTHEW FINLEY,

            Plaintiff,

            v.

CITY OF VINELAND,

            Defendant.

CIVIL ACTION NO. 1:21-CV-04726

## STIPULATION OF DISMISSAL WITH PREJUDICE

And now this 14th day of June 2021, it is hereby stipulated by and between the parties that Count 1 of Plaintiff's Complaint is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3), and thus the case shall be remanded to state court. **IT IS SO ORDERED.**

/s/ David M. Koller
David M. Koller, Esq.
KOLLER LAW LLC
2043 Locust Street #1B
Philadelphia, PA 19103
davidk@kollerlawfirm.com
*Attorney for Plaintiff*

/s/ William F. Cook
William F. Cook, Esq.
BROWN & CONNERY, LLP
360 Haddon Avenue
Westmont, NJ 08108
wcook@brownconnery.com
*Attorney for Defendant*

**DATED:** _____

**BY:** _____

**J.**